UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEQUAN LUTRELL PAUL,

    Plaintiff,

v.     Case No. 4:19cv375-MCR-HTC

BUTLER,
T. MCBRIDE, and
D. CARTER,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 1. The complaint is now before the Court for preliminary screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons that follow, the undersigned respectfully recommends that the complaint be dismissed for abuse of the judicial process. In his complaint, Plaintiff failed to disclose two (2) prior federal cases, one of which was dismissed for failing to state a claim and one of which was dismissed for improper format.

Section IV of the civil rights complaint form filled out by Plaintiff, titled Previous Lawsuits, asks: "C. Have you initiated other actions… in either state or federal court that relate to the fact or manner of your incarceration… or the conditions of you confinement (including civil rights complaints about any aspect of

prison life, whether it be general circumstances or a particular episode, and [whether] it involved excessive force or some other wrong)?", and "D. Have you had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" ECF Doc. 1 at 4. The form requires Plaintiff to identify and describe any cases responsive to the question. In his response to questions C. and D., Plaintiff marked "no" and did not disclose any cases. *Id.*

At the end of the complaint, Plaintiff signed his name after the following statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT." *Id.* at 6. Thus, Plaintiff has sworn that at the time he filed his complaint, he had not filed any other lawsuits relating to the conditions of his imprisonment, and he had not had any federal cases dismissed as frivolous, malicious, failing to state a claim, or prior to service. The complaint was signed and submitted to prison officials for mailing on August 8, 2019.[1] *Id.*

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The Court may take judicial notice that at the time Plaintiff

---

[1] *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.).

Case No. 4:19cv375-MCR-HTC

filed his complaint in this case, August 8, 2019, he had previously filed two (2) other cases in his name in the United States District Court for the Middle District of Florida, Jacksonville Division, alleging claims related to his incarceration at Clay County Jail.  *See Paul v. Sgt. Robin Rash, et al.,* 3:17-cv-528-J-34MCR, and *Paul v. Clay County Jail*, 3:17-cv-1298-J-34JBT.  In case 3:17-cv-528-J-34MCR, filed in May 2017, the district court issued a 15-page opinion dismissing the case pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim.  In case 3:17-cv-1298-J-34JBT, filed in November 2017, the district court dismissed the complaint because it was submitted in letter format rather than on the Court's required forms.  Plaintiff did not disclose these cases despite the clear language of questions IV.C. and IV.D. on the complaint form.

    The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court.  If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The Court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff falsely responded to questions on his complaint form, as detailed above.  Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required.  The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF

Case No. 4:19cv375-MCR-HTC

THIS CASE." ECF Doc. 1 at 3.  If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  The Court should not allow Plaintiff's false responses to go unpunished.  An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice.  *See Bratton v. Secretary*, No. 2:10cv517-FtM-29DNF, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 5:08cv300-RS-EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one prior federal case).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious for Plaintiff's abuse of the judicial process.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 3rd day of October, 2019.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:19cv375-MCR-HTC